SAMUEL A. FRENCH *et al.*

*v.*

GEORGE A. GIBBS.

*Filed at Ottawa January 31, 1883—Rehearing denied March Term, 1883.*

1. APPEALS—*reviewing questions of fact in chancery cases.* In chancery cases questions of fact are open to reconsideration in this court on error to the Appellate Court, or on appeal.

2. REFERENCE TO MASTER. On a bill for an account of various loans made to the complainant, and the payments made from time to time thereon, and to be allowed for usury in the transaction, and also for an account of collaterals deposited with the lender as security for the advances made, where the evidence is voluminous and conflicting, the case should be referred to the master to ascertain the facts on the issues made by the pleadings, and it is error not to make such reference. Counsel will not be allowed, by stipulation or otherwise, to impose the labor upon an appellate court of making up complicated accounts.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

The bill in this case was brought by George A. Gibbs, against Samuel A. French, Elizabeth A. French, and Garrie S. French, and was for an account, and other relief. It is alleged complainant made an agreement with Samuel A. French to make loans and advances of money to him as he might need them, amounting in the aggregate to $3000. Under that agreement it is charged Samuel A. French did, during a period of two years, advance to complainant certain sums of money, and that the notes taken as evidence of such loans were made payable to Elizabeth A. French and Garrie S. French, but that all of such loans were made by and on behalf of Samuel A. French. In his original bill complainant alleged he could not state the amount of the notes or collaterals deposited with defendants to secure the sums of money so borrowed of them, but stated the value to be at least $6000. It is also alleged defendant Samuel A. French had power to, and did, make collections on such collaterals, and that after deducting the amount of such collections and payments made as usurious interest on the loans to him, complainant charges he does not owe defendants a sum exceeding $500. An amendment to the bill shows complainant conveyed to Samuel A. French certain real estate, as collateral security for the money loaned to him, and asks to have a reconveyance to him, and accounting as to all collaterals held by defendants. By another amendment to the bill, complainant avers he is not indebted to defendants in any sum whatever, but that defendants are indebted to him in the sum of $3000. It is also alleged defendants, or some of them, have commenced suits at law on notes of complainant, which actions are now pending in the com-

mon law courts, and asks to have the same enjoined.  The
bill also contains an allegation that while most of the notes
which complainant gave, and which represent the amounts
of the loans to him, were made in the names of Elizabeth
A. French and Garrie S. French, yet, in fact, the loans were
all made by Samuel A. French, using the names of his wife
and son for the purpose of having their names appear as
payees.  A principal ground of relief is, that defendants
"claim that they are entitled to receive for the sums so
loaned an illegal and usurious interest, at five per cent a
month, compounded," and that complainant is not entitled
to have the payments made to them credited on his notes as
payments of either principal or legal interest thereon.  The
prayer of the original and amended bills is, that an injunc-
tion issue, restraining defendants from taking judgments on
any of complainant's notes, or from taking any other steps
to collect the same; that an account may be taken, and for
a decree against defendants for any sum that may be found
to be due to complainant.  The answer of defendants to the
original and amended bills contains a general denial of the
principal allegations, as respects usury in the transactions
between the parties, either in the original inception of the
indebtedness, or in reserving usurious interest thereon after
the making of the notes.  On the filing of her answer, Eliza-
beth A. French filed a cross-bill, in which she gives a full
and specific account of all the dealings between the parties,
and a full description of the collaterals taken to secure her
and the other defendants.  The prayer of her cross-bill is,
that an account may be taken of the amount due on the
notes of complainant; that a receiver be appointed, with the
usual powers; that the collaterals pledged for the indebted-
ness of complainant be collected and sold, under the direc-
tion of the court, unless defendant, Gibbs, shall pay her in
a short time, to be fixed by the court, whatever amount shall
be found to be due her.  To the cross-bill defendant, Gibbs,

filed an answer, admitting that complainant in the cross-bill held his notes as stated in her bill, but averring, as he did in his amended bill, that such notes, with legal interest, had been fully paid, and that he was not then indebted to her in any sum, and that on an accounting it will be found she and the other defendants to his bill are indebted to him in a large amount. Replications were filed to all the answers, and the cause was submitted to the court for hearing on the evidence contained in the record. The court found defendants reserved usurious interest, in excess of lawful interest, on all the loans made to complainant, and that the name of Elizabeth A. French was used as payee in the notes, but that she had no legal or equitable interest in the money loaned to complainant; that complainant had fully paid all sums of money borrowed of defendants, or either of them, with interest thereon at the rate of six per cent per annum, and that there is nothing due defendants, or either of them, on the notes made by complainant, and thereupon decreed that defendants deliver to complainant all the collaterals delivered to them to secure his indebtedness, and reconvey all real estate conveyed to either of them for the same purpose; that all of complainant's notes held by defendants, or either of them, be delivered to the clerk of the Superior Court, and that all suits at law pending on any of such notes be perpetually enjoined, and that the cross-bill of Elizabeth A. French be dismissed for want of equity. That decree was affirmed in the Appellate Court, and the unsuccessful parties bring the case to this court on error.

Mr. EDGAR L. JAYNE, and Mr. HENRY DECKER, for the plaintiffs in error.

Messrs. BISBEE, AHRENS & HAWLEY, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Among the objections taken to the present decree is one that there is a variance between the decree and the case as stated in the original and amended bills in certain particular findings of the court, the argument being that no such case is stated in complainant's bill as the court found by its decree from the evidence. Whether the objection is well taken or not, depends on the construction that shall be given to the transaction between the parties. Should it be ascertained the evidence warranted the court in treating the dealings between the parties as a single transaction, many of the notes given being simply renewals of the old indebtedness, there may not be anything in the objection. There might have been no usury reserved in the original loans by any illegal contract, and yet it might still be true, as alleged in the bill, that with the actual payments of principal, and payments of usurious interest, the original debt might be fully paid. In the view the court takes of the case, as it is now presented, it will not be necessary to pass upon this question definitely at this time. If it shall appear on another hearing of the cause there is any variance in the particulars suggested, the bill can be readily amended upon such terms as the court may deem equitable.

But the objection most confidently insisted upon is, that the findings of the Superior Court are not warranted by the testimony. Although this case has come to this court from the Appellate Court, as the practice now is all questions of fact are open for reconsideration in chancery cases, as this is. It is readily seen the questions of fact discussed can not be understandingly passed upon in the present condition of the record. The testimony is extremely contradictory on every controlling fact in the case. Ascertaining the facts in such a mass of contradictory testimony would be a severe task. Without great labor it would be impossible to ascertain

the amounts of money actually loaned to complainant by defendants, or the amount of payments, either as principal or interest, made by complainant to defendants. Other facts having an important bearing on the decision are involved in the same obscurity, on account of the unsatisfactory character of the evidence. The court should have referred the cause to a master in chancery to ascertain the facts in contention between the parties on the issues made by the pleadings, and on the coming in of the report, had either party been dissatisfied with the conclusions reached, upon exceptions being filed the questions made could be readily determined by the court. In no other way can the facts of the case be so readily ascertained. The testimony found in this record is a confused mass, and it is impossible for the court, in any reasonable time, to pass understandingly on the objections to the findings of fact by the court in its decree. Indeed, it is a labor that counsel will not be permitted, by stipulation or otherwise, to impose on an appellate court. It is the appropriate work of a master in chancery. The rule of practice in this regard has been so often declared by this court it ought to be well understood. It is as stated in *Moss* v. *McCall,* 75 Ill. 190: "Where accounts involve large sums of money, and the testimony as to the rights of the parties is conflicting and unsatisfactory, in conformity with the rules of chancery practice the cause must be referred to a master to render a concise and accurate statement of the accounts, so that the same may be readily comprehended, and any objection taken passed upon understandingly. This is the well recognized and established practice in all cases of a complicated character, and should have been adopted in this case. (*Steere* v. *Hoagland,* 39 Ill. 264; *Bressler* v. *McCune,* 56 id. 475; *Riner* v. *Touslee,* 62 id. 266; *Groch* v. *Stenger,* 65 id. 481; *Dubough* v. *United States,* 7 Pet. 625.) The case in hand falls precisely within the rule declared, and the Superior Court should have referred the cause to a master in chancery to

ascertain the facts in dispute, on the basis of an interlocutory decree. That must be done before an appellate court can properly pass on the rights of the parties.

The judgment of the Appellate Court will be reversed, and the cause remanded, with directions to reverse the decree of the Superior Court and remand the cause for further proceedings.

*Judgment reversed.*