292    BEALE v. BEALE.

VIRGIL BEALE

v.

LORENA O. BEALE.

*Filed at Mt. Vernon January 25, 1886.*

1. CHANCERY—*reference to master when necessary.* Where a bill is filed to settle the affairs of a partnership of long standing, and the accounts consist of numerous items somewhat complicated, it is the duty of the court to refer the case to a master to state the account.

2. · SAME—*of a second reference, after exceptions to report.* In such a case, where exceptions to the master's report are sustained, the court should settle, by decree, the matters involved, and again refer the cause to the master to state the account on the basis fixed by the court, so that it may appear what items of account are approved and what rejected by the court.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Union county; the Hon. OLIVER A. HARKER, Judge, presiding.

Mr. JOHN M. LANSDEN, and Mr. M. C. CRAWFORD, for the appellant.

Mr. ANDREW D. DUFF, for the appellee.

Per CURIAM: When this cause was first submitted we thought that the decree might be sustained, although the court, upon sustaining exceptions to the master's report, failed to again refer the cause to the master to state the account between the parties, but upon further consideration we have arrived at a different conclusion. The bill was brought to settle a co-partnership of ten years' standing. Quite a large business had been transacted, and the accounts consisted of various items, and were somewhat complicated. Under such circumstances it was the duty of the court to refer the cause to a master to state the account. When exceptions are filed to the report of the master in stating the

account, and sustained, as was the case here, then the court should settle by decree the matters involved, and again refer the cause to the master to state the account as determined by the court. When this course is pursued, it can always be determined what items of the account were approved and what were rejected. Here it is claimed by appellant that five items of account in his favor, aggregating $3533.62, were rejected by the court which should have been allowed. But as the decree is not based upon a master's report, which would show what items of account were allowed and what were rejected, it is impossible to determine whether these items were considered or whether they were not. This is unjust to appellant. The record ought to show whether these items, in making up the decree, were allowed or rejected. If the record showed that they were allowed, that would end the controversy. If, on the other hand, they were rejected, the action of the court on the master's report would show that fact, and it would then only be necessary to examine the evidence to determine as to the correctness of the ruling in rejecting such items. The practice in chancery cases is well settled, that where accounts involve large sums of money, and the testimony is conflicting, it is the duty of the court to refer the cause to a master to state the account. *French* v. *Gibbs*, 105 Ill. 523.

The decision of the Appellate Court and the decree of the circuit court will be reversed, and the cause remanded, with directions to the circuit court to refer the cause to the master to state the account.

*Decree reversed.*