EDWARD C. HULING

V.

SIMEON FARWELL ET AL.

*Partnership—Dissolution—Accounting—Reference to Master—Report of—Exceptions to—New Exceptions—Amendments.*

In proceedings touching the dissolution of a co-partnership, this court holds that the exceptions of the parties to the suit to the master's report were bad for uncertainty, and declines to interfere with his finding that a sum named was due the complainant.

[ Opinion filed May 29, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellant.

Messrs. FLOWER, REMY & HOLSTEIN, for appellee.

GARY, J.   October 18, 1884, the appellant, with the appellees, Henry S. Farwell and Stephen Lasky, entered into partnership as merchants in Chicago, under the firm name of Farwell, Huling & Co.   In the following summer dissensions arose in the firm, and after proceedings not necessary to state here, on a bill for an accounting filed by the appellant, there was a reference to a master, who reported October 28, 1888. In that report the master found that the firm had made a total loss of $8,234.79, and that the value of the interest of the appellant in what, for want of a better name, the master called the good will of the business, was $5,000.

For the purposes of this opinion it is not necessary to present the other items of the account as he stated it.   His result was, that there was due from the appellees to the appellant $1,596.70.   Before the master, the appellant filed these objections:

" First.   The said master found that the value of Mr. Huling's interest in the good will of the firm was $5,000 on July 29, 1885, whereas he should have found his interest therein at the time was $25,000.

Second.   That said master took into consideration in making up his report, testimony of witnesses taken before the court on behalf of said defendants, as to the value of the good will of the business at the date of the dissolution, and prior thereto, based upon certain figures which were afterward found by the court expert to be incorrect.

Third.   That the master permitted in evidence fragmentary statements gathered from the books of the firm by the defendants themselves.

Fourth.   That said report is against the weight of evidence.

Fifth.   That the master considered statements taken from the books of the firm by said defendants which were unreliable, uncertain, inaccurate and utterly untrustworthy.

Sixth.   That said master erred in the admission of testimony on behalf of said defendants."

And among others the appellees filed this:

" First.   That the master found that the complainant was entitled to be credited on his account with the sum of $5,000 as the value of his good will in the firm, when, in fact, said good will had no value."

Before the court afterward each party filed exceptions to the master's report, in the same form as their respective objections before the master, and after the final decree, by consent of the counsel for the appellees, the counsel for the appellant filed *nunc pro tunc*, as of the date of hearing the exceptions, this: "Complainant further excepts to the master's report on the ground that whereas, the master has found that there was a loss in the business of said firm on the 29th of July, 1885, he should have found that there was a gain and profit in said business on that date, and he excepts to the finding of the master that there was a loss of $8,234, and insists that he should have found that there was a gain of $1,285.13 on that date.

The court overruled all of the exceptions but that one of the appellees before copied, the result of which was, according to the arithmetic there, to bring the appellant in debt to the appellee Henry S. Farwell, $3,403.29, for which a decree in his favor against the appellant was entered.

It is a rule of chancery practice as vigorously enforced in this State as anywhere, that in matters of account, if at all complicated, "the cause must be referred to a master to render a concise and accurate statement of the accounts, so that the same may be readily comprehended, and any objection taken, passed upon understandingly," quoted in French v. Gibbs, 105 Ill. 523, from Moss v. McCall, 75 Ill. 190, and many cases cited. "It is a labor that counsel will not be permitted by stipulation or otherwise to impose on an Appellate Court. French v. Gibbs, *supra*. And if the Circuit Court assumes to perform it, the decree will be reversed because "it is impossible for the court, in any reasonable time, to pass understandingly on the objections to the findings of fact by the court in its decree." *Ibid.* The same rule was followed in the still more recent case, Beale v. Beale, 116 Ill. 292.

The rule that the matter which is the ground of the exception to the report must first be made the ground of objection before the master that he may reconsider his rulings, as announced in Pennell v. Lamar Ins. Co., 73 Ill. 303, and Prince v. Cutler, 69 Ill. 267, and cases there cited, was followed in this case, except as to the last exception of the appellant; but another rule, without the observance of which the whole practice of requiring reports of masters in cases of accounts is wholly useless, has been utterly disregarded by both parties in forming their objections and exceptions.

In Story v. Livingston, 13 Peters, 359, some of the exceptions were :

"Second. The master has erred in not allowing to the defendant the $1,000 with interest, paid to Morse, or some part thereof.

Fourth. The master in making his estimates and calculations has not pursued the mandate of the court.

Fifth. It appears from the master's report, that the stores

were rented from November to November; and he erred in assuming the first of April as the period of payment of annual rent.

Sixth.    A reasonable allowance should have been made to Story for the cost and risk of collecting rents.

Seventh.    The master erred in all his charges against the defendant; and he failed to allow the defendant his proper credits.

The court say : " All these exceptions are irregularly taken, and might be disposed of by us without any examination of them in connection with the master's report. They are too general, indicate nothing but dissatisfaction with the entire report and furnish no specific grounds, as they should have done, wherein the defendant has suffered any wrong, or as to which of his rights have been disregarded." * * * " Excep. tions to a master's report must state, article by article, those parts of the report which are intended to be excepted to." So in Emerson v. Atwater, 12 Mich. 314, where the exception was " for that the commissioner has credited to complainant the sum of $9,210,371, for amount Atwater has received on sales of lots and interest thereon, to May 5, 1860, whereas he should have credited a less sum," the court say : " But this exception is too indefinite and uncertain to admit the raising of such an objection under it. It points to noth ing. It is aimless. It finds fault with the report, without giving any reason for it except the common one always given by the vanquished party, viz., the decision is wrong and that great injustice has been done to him." See also case of " Commander in Chief," 1 Wall. (S. C.) 43.

Foster v. Goddard, 1 Black, 506, may be read as trenching upon this rule, but it does not appear in that case that the court was called upon to do more than review the principles of law upon which the master had acted, or the construction he had given to writings between the parties, and the court was not required there, as in this case, to embark on a voyage of discovery through 800 or more typewritten pages, without chart or compass, to ascertain whether the master had

made right conclusions of fact from the evidence.     Stanton v. A. & C. R. R. Co., 2 Woods, 506.

The reasons for requiring a report assigned in Moss v. McCall, 75 Ill. 190, are no reasons at all, if by general exceptions the court may be required to search the whole evidence and determine whether, upon all of it, the master has reached right conclusions of fact.     All of the exceptions on both sides should have been overruled, as they only showed the dissatisfaction of the parties with particular findings of the master but gave to the court no clue to the data upon which the master acted.

The decree will be reversed, and the cause remanded with directions to the Circuit Court to overrule the exception sustained as well as the others, and enter a decree for the appellant against the appellees for $1,596.70 with costs of the cause.     No new exceptions or amendments of the present ones would be admissible, as only objections before the master can be exceptions before the court.

*Reversed and remanded with directions.*