## Thomas A. Smyth
### v.
## Dennis D. McKernan.

*Partnership—Dissolution—Accounting.*

1.   Upon a bill filed for an accounting in respect to certain alleged partnership transactions, the cause being referred to a master, whose statement of account was restated by the trial court upon the hearing of exceptions to the master's report, a decree upon said account as restated having been rendered, this court states the account and reverses the decree, and remands the cause with directions as to the decree which should be entered herein.

2.   While it is the general rule that when exceptions to the master's report are sustained, the court should by decree settle the matters involved, and again refer the cause to the master to state the account as determined by the court, where the exceptions sustained relate to but a few items, and the account to be restated is simple, and there are before the court sufficient facts to enable it to dispose of the cause without subjecting the parties to further expense, it may properly do so.

[Opinion filed June 25, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Appellant filed in the court below his bill for an accounting in respect to certain alleged partnership transactions between him and appellant.   Appellant answered, denying the exist-

Smyth v. McKernan.

ence at any time of a partnership, but expressed a willingness to account.

The cause being referred to a master, testimony was taken before him which, together with an account by him stated, he reported to the court.

Exceptions to this report were filed by both parties, upon the hearing of which the court restated the account and rendered a decree upon the account as thus restated, from which decree this appeal is prosecuted.

It appeared that appellee being an inventor and having certain patents for the manufacture of link belting, appellant became interested with him in the development thereof, and advanced money for this purpose until about April 1, 1887, when a corporation known as the Steel Key Drive Chain Company was organized for the manufacture of a steel key drive chain, the capital stock to consist of 250 shares of $100 each. Of this stock eighty-four shares were sold to appellee for his patents, and 165 shares to appellant for $3,333.

March 28, 1888, all of the account books of the concern were destroyed by fire. Appellant and appellee, before opening a new set of books, had a talk, as the result of which, the bookkeeper, by direction of appellant, made the following entries:

Mdse.   Dr. . . . . . . . . . . . . . . . . . . . . . .    $11,000
                                                    _____

To Thos. A. Smith . . . . . . . . . . . . . . .  $6,500
   " Steel Chain Key Co. . . . . . . . . . . . .   4,500
Total amount invested previous to the fire, March 28, 1888.
Profit and loss acct.   Dr. . . . . . . . . .    $11,000
To Mdse. . . . . . . . . . . . . . . . . . . . . . .  $11,000
Representing complete loss by fire, March 28, 1888.

Appellant says that when these entries were made, it was agreed between him and appellee that prior to the fire, he had advanced $6,500 above paying for his capital stock, and that that sum should therefore be placed to his credit. Appellee says that the sum of $6,500 represented the total investment made by appellant; that it included the $5,000 paid for his capital stock, and that he, appellee, only agreed to the sum of

$6,000, which he declares was all that appellant at first claimed.

A portion of the account so stated by the master was of credits to appellant:

| | |
|---|---:|
| Advanced by Smith before the fire.... | $ 6,000.00 |
| " " " after " .... | 14,689.15 |
| Judgments paid by Smith............... | 379.16 |
| Small items " " " ............. | 75.00 |
| | $21,143.31 |

Credits to appellee:

| | |
|---|---:|
| Bills paid by McKernan............... | 47.77 |
| | $21,191.08. |

As stated by the court, the credits to Smith, appellant, were:

| | |
|---|---:|
| Advances to April 30, 1888............ | $ 2,166.66 |
| After fire............................ | 14,689.15 |
| Judgments paid...................... | 379.16 |
| Small items paid.................... | 75.00 |
| Interest............................ | 531.00 |
| Total.............. | $17,840.97 |

Credits to McKernan, appellee:

| | | |
|---|---:|---:|
| Bills paid.................... | $ 47.77 | |
| Salary....................... | 1,438.00 | |
| | | $ 1,485.77 |

Credits to appellant and appellee.... $19,326.74

The difference between these accounts is in respect to three items:

| | |
|---|---:|
| The master found that the company owed at the time of the fire................ | $6,000.00 |
| The court fixed this amount at.......... | 2,166.66 |
| The court allowed appellant for interest | 531.00 |
| And allowed appellee for salary........ | 1,485.77 |

The master did not allow anything for interest or salary.

Smyth v. McKernan.

Messrs. GIBBONS & KAVANAUGH, for appellant.

Mr. DENNIS D. McKERNAN, *pro se.*

WATERMAN, J.  We are of the opinion that the record shows appellant had, up to the time of the fire, advanced over and above his contribution to the capital stock the sum of $6,000, and that the company on the 30th of April, 1888, owed him that sum for advances to it, by him made.  It is impossible to reconcile the testimony of appellee upon any other basis.  He says that he consented to the placing of that sum at that date to the credit of appellant, and he does not claim that he asked or thought of having anything placed to his, appellee's, credit; yet manifestly, if $5,000 of the $6,000 credited to appellant represented his contribution to the capital stock, then some sum should have been credited to appellee for what he had given in toward the capital.  He had transferred to the company his patents, and had received therefor eighty-four shares of stock of the par value of $100 each; according to his testimony, this really, under the arrangement, stood as a contribution of $1,333.33 in money.

Appellee was not an ignorant man; he prepared and presented to the court below a statement of accounts as he claimed they should stand, and he has filed in this court a brief, prepared, as he says, without the aid of counsel, which shows him to be entirely capable of understanding the significance of accounts and the meaning of debit and credit entries.  He would never have consented to the entry of a credit of $6,000 to appellant, with nothing to his own credit, if he had understood that $5,000 of this credit represented only an amount paid for capital stock.  Neither the bookkeeper nor appellee seems to have suggested or thought there was anything improper in the credit entry to appellant, while each was intelligent enough to know that an amount paid for capital stock could not properly be credited to the holder of such stock and stand as an indebtedness of the company to him.  The account was footed up on the books at $11,000, the sum appellee at the time suggested as the total loss by the fire, and thus the entries stood for more than a year, and until the company

ceased to do business. It was only when this litigation was begun that appellee came forward, claiming that the total amount invested up to the fire was $6,000 instead of $11,000.

We agree with the chancellor in allowing to appellant interest upon his advances; the evidence warrants such allowance, and it is but equitable that interest should be paid upon advances, the benefit of which the company has had; the interest we find at six per cent amounts to $761.04.

There is some doubt about the propriety of allowing to appellee anything for salary, but we are inclined to follow the finding of the court below as to this, and also its action in disallowing appellant's similar claim.

We are of the opinion that the account ought to be stated as follows:

Appellant should be credited with

| | |
|---|---:|
| Advances made before the fire | $ 6,000.00 |
| "        " after the fire | 14,689.15 |
| Judgments paid | 379.16 |
| Small items | 75.00 |
| Interest on advances | 761.04 |
| Total credits to appellant | $21,904.35 |

Debit.

To cash received on sale.....$33,000.00

Appellee should be credited with:

| | |
|---|---:|
| Salary | $1,438.00 |
| Bills paid | 47.77 |
| Total credits to appellee | $1,485.77 |
| Appellant's credits | $21,904.35 |
| Appellee's " | 1,485.77 |
| Total credits of both parties | $23,390.12 |
| Deduct this from $33,000 leaves | 9,609.88 |

For division, one-third of which should

| | |
|---|---:|
| be paid to appellee, one-third is | 3,203.29 |
| Add appellee's credits | 1,485.77 |
| Makes due appellee from appellant | $4,689.06 |

with interest from the date of the filing of the bill of complaint.

This case having been heard in the court below upon exceptions to the report of the master, the presumptions as to the findings of the court upon the facts, made when the witnesses are brought before the chancellor and the testimony is heard by him, do not exist. Under the circumstances attending the hearing of this case, a court of review has the same opportunity as had the court below for arriving at a correct conclusion as to the facts.

While it is the general rule that when exceptions to the master's report are sustained, the court should, by decree, settle the matters involved, and again refer the cause to the master to state the account as determined by the court (Beale v. Beale, 116 Ill. 292), yet where the exceptions sustained relate to but a few items, and the account to be restated is simple, and there are before the court sufficient facts to enable it to dispose of the cause without subjecting the parties to further expense, it may properly do so. In the matter of Homup, 3 Paige Ch. 305.

The decree of the court below is set aside and the cause remanded, with directions to enter a decree requiring the defendant below to pay to the complainant $4,689.06, with interest at six per cent per annum from the fifth day of September, 1889.

*Reversed and remanded with directions.*