# F. A. Hodson and William R. Fleming v. The Eugene Glass Co.

1. MASTER IN CHANCERY—*Exceptions to Report—How Far Regarded.*— Exceptions to a master's report are to be regarded so far only as they are supported by the special statements of the master, or by evidence which ought to be brought before the court by reference to the particular testimony on which the exception relies.

2. SAME—*When the Court is Justified in Overruling Exceptions.*— The chancellor will be justified in overruling exceptions to the master's conclusions for the reason alone, that the particular evidence relied upon to sustain such exceptions is not pointed out so that it can be found without searching either through a mass of evidence or unnecessarily through any part thereof.

**Memorandum.**—Bill for injunction. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 26, 1894.

## STATEMENT OF THE CASE.

Appellee filed in the Circuit Court its bill for an injunction and for other relief.

The bill set forth that the company, appellee, was capitalized for $10,000; that on February 2, 1891, Wm. R. Fleming recorded a chattel mortgage purporting to have been made by appellee, September 14, 1892, to secure a pretended debt of $4,000 due from appellee to said Fleming, said sum being evidenced by a note payable eight months after date, executed by appellee on September 14, 1892. That said note and mortgage are fraudulent, as to appellee, no such indebtedness as is represented therein having ever existed. That on February 2, 1893, the agent of F. A. Hodson, who pretended to be an innocent purchaser of said note and mortgage with said Fleming and others, took possession of the office and factory of appellee in Chicago, expelled the workmen of appellee therefrom, closed the doors thereof, and refused to permit any one to enter said office or factory.

That appellee is solvent, doing a large and prosperous

Hodson v. Eugene Glass Co.

business; but that unless restrained by order of court, Hodson will destroy its credit and ruin its business, he threatening to foreclose the said fraudulent chattel mortgage and to carry away the stock and fixtures of appellee; that said Fleming is insolvent and appellee believes no judgment could be collected from said Hodson, whom it is alleged is not a *bona fide* or innocent holder of said note or mortgage.

The bill was answered by defendants and various other proceedings were had. The cause having been referred to a master, testimony was taken before him; the master made a report favorable to the complainant and the court thereon rendered a decree, setting aside the note and mortgage as fraudulent and void, and perpetually enjoining any attempt to collect or foreclose the same.

R. C. Busse and Severy & Galloway, attorneys for appellants.

Woolfolk & Browning, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

It is urged that the bill does not make a cause for the interposition of a court of equity, and certainly not for the granting of an injunction; that the injunction was to restrain what was at the most but a trespass, and that for such trespass appellee had a perfect remedy at law.

It is quite immaterial whether the bill presented a case authorizing the issue of a preliminary injunction. From such injunction order no appeal was taken. The perpetual injunction ordered in the decree is merely auxiliary to the other relief granted; the note and mortgage being canceled by the decree, whether in addition thereto appellants are enjoined from attempting to collect the same, can make no substantial difference.

Appellants urge that the finding of a master and the decree that the note and mortgage are invalid, and that the appellant Hodson is not a *bona fide* purchaser of the note, are each unwarranted by the evidence.

250     APPELLATE COURTS OF ILLINOIS.

VOL. 54.]     Wilson v. Baillargeon Interior Bldg. Co.

Seventeen exceptions were taken to the master's report.

The exceptions, instead of pointing out the evidence, which, it is claimed, shows the conclusions of the master to be unwarranted, and by reference to the pages of the proofs returned by the master with his report, making it easy for the court to find upon what the exceptions are based in effect, calls upon the chancellor to search through the evidence and find, if he can, that which will justify the exceptions.

Exceptions are to be regarded so far only as they are supported by the special statements of the master, or by evidence which ought to be brought before the court by reference to the particular testimony on which the exception relies. Hardy v. Handy, 11 Wheaton, 103–127; Miller v. Whittier, 36 Me. 577.

The chancellor would have been justified in overruling the exceptions to the master's conclusions upon the facts, for the reason, alone, that the particular evidence relied upon to sustain such exceptions, was not pointed out with such definiteness that it could easily be found without searching, either through the mass of evidence, or unnecessarily through any part thereof. Brown v. McKay, 51 Ill. App. 295.

We have examined the abstracts filed by appellants and appellee, and we see no sufficient reason for thinking that the Circuit Court came to an erroneous conclusion, and its decree is affirmed.