## Edwin D. Weary v. A. H. Andrews & Co.

1. CHANCERY PRACTICE—*Master to State an Account.*—Under a bill for a discovery and an accounting as to moneys alleged to have been fraudulently received, the proper practice is to refer the same to the master to take the testimony and state the account. A reference to take the testimony only will not do.

Weary v. Andrews & Co.

2. SAME—*Stating an Account.*—A solicitor can not throw upon the court the clerical and accountant labor of going through accounts, by a reference to a master to take and report the testimony alone. The objection to such a course is one which a court will, of its own motion, interpose for its protection from unnecessary labor sought to be imposed upon it.

**Bill for Discovery and Accounting.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Submitted at the March term, 1895, of this court. Reversed with directions. Opinion filed April 22, 1895.

EDWARD R. WOODLE, attorney for appellant.

REMY & MANN, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a bill for a discovery from and an accounting by appellant as to money it was alleged he had fraudulently received and failed to account for in respect to the business of appellee while he was in its employment.

The defendant denying all fraud, and that the complainant was entitled to any of the moneys received by him, admitted having received certain moneys collected by the complainant. There was a reference to a master to take testimony. Testimony was taken by the master upon the subject of moneys received by appellant and his liability to account therefor.

The master reported the evidence without stating an account. From the testimony so reported, the Circuit Court made up an account and ordered the appellant to pay to the appellee $1,339.40. The cause should have been referred to a master to state an account.

In the manner in which the suit was disposed of, two courts have already been called upon to go through the entire mass of testimony, sift therefrom what is material and make the necessary calculations to arrive at a true account. This is not the business of a chancellor. Solicitors are not entitled to throw upon a chancellor the clerical and accountant labor of going through accounts; this court has not the time for

such work. The practice, here presented, has been repeatedly condemned by the Supreme Court, and the decree herein rendered is reversed and the cause remanded with directions to refer the same to a master to take and state an account between the parties and report the same to the court. Huling v. Farwell et al., 33 Ill. App. 238; Moss v. McCall, 75 Ill. 190; French v. Gibbs, 105 Ill. 523; Beale v. Beale, 116 Ill. 292.

The objection here made is one which a court will of its own motion interpose for its protection from unnecessary labor sought to be imposed upon it. Useful forms of orders of reference in such cases can be found in Vol. 3, page 2193, of Daniell's Chancery Practice; attention is specially called to notes "b" and "f" as likely to be saving of time to the court and expense to parties.

We also call attention to what is said concerning the proper practice in Huling v. Farwell, *supra;* Heffron v. Gore, 40 Ill. App. 257–265; Brown v. McKay, 51 Ill. 295–299; Hodson et al. v. Eugene Glass Co., 54 Ill. App. 248. Reversed with directions.