## Henry Friedman et al. v. Edward Schoengen et al.

1. EQUITY PRACTICE—*Exceptions to Master's Report.*—An exception to a master's report should specifically point out, by reference, the particular evidence relied upon to support it. The court can not be called upon to search through a mass of proofs to find evidence to sustain exceptions to a master's report.

2. MASTER'S REPORT—*Presumptions in Favor.*—Every presumption which exists in favor of the verdict of a jury is in favor of a master's report upon the facts.

**Sub-contractor's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 24, 1895.

ARNOLD TRIPP, attorney for appellants.

PADEN & GRIDLEY, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a petition by appellees, sub-contractors, to be allowed a mechanic's lien.

The petition was answered by appellants, denying many of the material allegations of the petition and setting up new matter as a defense thereto.

According to the abstract the cause was referred to a master "to take proofs and report conclusions." This would probably be construed to mean to report his conclusions as to the law and evidence—a useful and proper order.

Upon such an order the master does not report the "proofs" presented to him; and exceptions to his report must be based upon facts stated in it. Brown v. McKay, 51 Ill. App. 295; Hodson v. Eugene Glass Co., 54 Ill. App. 248.

Turning to the record we find that the order of the court was to take proofs of all the material allegations in the "bill," and report the same, with his opinions on the law and the evidence.

The master seems to have taken proofs not only of the "material allegations of the bill," but also as to the new matter set up, affirmatively, in the answer, and to have reported all of such proofs, with his conclusions thereon.

To this report, objections filed before and overruled by the master were refiled in court as exceptions. All of these exceptions are based upon the proofs, not upon the master's conclusions as to the facts. They might properly have been overruled, because there was not, as to either, any specific pointing out, by definite reference or citation, the particular evidence relied upon to maintain the exception; on the contrary, the chancellor was asked to search through the entire mass of proofs and find evidence which would sustain the exception.

Such a course renders the report of the master of no assistance to the court, and is one which it is under no obligation to tolerate. Huling v. Farwell, 33 Ill. App. 238; Heffron v. Gore, 37 Ill. App. 257; Brown v. McKay, 51 Ill. App. 295; Hodson et al. v. Eugene Glass Co., 54 Ill. App. 248; Daniell's Ch. Pr. 1300–1315–1317.

Every presumption which exists in favor of a verdict of a jury is in support of a master's report upon the facts. Dean

v. Emerson, 102 Mass. 480; Adams v. Brown, 7 Cush. 220. The exceptions to the master's report were properly overruled.

The decree of the Circuit Court is affirmed.