Thomas v. Piper.

---

## Granville S. Thomas v. Richard U. Piper.

1. ACCOUNTS—*Statement of.*—Where accounts involve large sums of money, and the testimony is conflicting, it is the duty of the court to refer the cause to a master to state the account.

2. SAME—*Statement of Accounts can not be Imposed upon the Court.*—Counsel will not be permitted to impose upon the court, by stipulation

or otherwise, the statement of an account in a case where large sums of money are involved and the testimony is conflicting.

**Bill,** to set aside a trust deed. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed November 30, 1896.

### STATEMENT OF THE CASE.

The bill in this case was filed to set aside a trust deed and for an accounting. The accounting goes back to the year 1891, and seeks to adjust complicated accounts, running from 1891 to 1895, involving large sums of money.

The evidence as to these matters was conflicting. Without referring the cause to a master, the court examined the accounts, and as a result entered a decree that appellant pay to appellee $4,692, and also for the use of appellee the sum of $308.72.

D. H. PINNEY, attorney for appellant.

HAMLIN, HOLLAND & BOYDEN, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The practice in chancery cases is well settled, that where accounts involve large sums of money, and the testimony is conflicting, it is the duty of the court to refer the cause to a master to state the account. Beale v. Beale, 116 Ill. 292; French et al. v. Gibbs, 105 Ill. 523.

The labor of stating an account in such a case as this, is one that counsel will not be permitted, by stipulation or otherwise, to impose upon the court. French v. Gibbs, *supra;* Huling v. Farwell, 33 Ill. App. 238.

There are many reasons for this, some of which are indicated in Scene V, Act III, in "Much Ado About Nothing."

Neither abstracts nor briefs inform us from what court this appeal is taken. Upon examination of the record, we

find that the proceeding was had in the Superior Court of Cook County, and the decree of that court is reversed, and the cause is remanded, with directions to refer the cause to a master to take and state an account between the parties.

Attention is called to Williams v. Lindblom, opinion filed November 9, 1896, for directions as to proceedings before the master.

Reversed and remanded with directions.