Owen v. Occidental Building & Loan Ass'n.

## Bertie C. Owen et al. v. Occidental Building and Loan Association.

1. MASTER'S REPORT—*When His Findings Can Not be Questioned.*— Where a case is referred to a master in chancery and on his report a decree is entered, no exceptions being filed, no question can be made as to the sufficiency of the evidence to sustain his findings.

2. FORFEITURE—*No Particular Form of Declaring.*—When a mortgagee has an option to consider the entire debt due on a default it is not necessary that any particular act or form of expression be used for the purpose of declaring such option.    Bringing a suit is sufficient.

3. BILL OF FORECLOSURE—*Involves an Account.*—A bill to foreclose a mortgage always involves an account.

**Memorandum.**—Foreclosure proceedings.    In the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.    Decree on report of master; error by the defendant.    Heard in this court at the October term, 1894; reversed and remanded with directions.    Opinion filed October 22, 1894.

J. W. MERRIAM, attorney for plaintiffs in error.

BRIEF FOR DEFENDANT IN ERROR, FRANCIS T. COLBY AND AMOS W. MARTIN, ATTORNEYS.

A party failing to object to a particular step in the progress of a cause will be considered as having waived those not raised.    Norton v. Dow, 10 Ill. 459; Sargeant v. Kellogg, 10 Ill. 281; Graham v. Anderson, 42 Ill. 516.

Mr. Justice Gary delivered the Opinion of the Court.

October 8, 1889, the defendant in error filed, in the Circuit Court, a bill to foreclose a trust deed in the nature of a mortgage, executed by one Catherine Finn and her husband to secure the payment of a penal bond, conditioned for the payment of a loan, with premium, interest, fines, taxes, insurance, etc., as is usual on loans by such associations.

The case was referred to a master, on whose report a decree was entered. To that report no exceptions were filed below, and therefore no question can now be made as to the sufficiency of the evidence to sustain his findings. Cheltenham Imp. Co. v. Whitehead, 128 Ill. 279.

But whether the allegations of the bill and the findings of the master support the decree, in other words, whether the decree is within, and not beyond, neither the allegations, nor the findings, is an open question. So, also, whether the master has included in his findings, items not allowable.

See the Cheltenham case as to cost of abstract there struck out, and see Strang v. Allen, 44 Ill. 428.

All of the errors assigned resolve themselves into two: First, that the foreclosure was premature; second, that the decree is too large.

The bond and deed of trust were made exhibits to the bill, and are therefore a part of it; controlling, if there be any discrepancy between them and the allegations of the bill. Field v. Brokaw, 40 Ill. App. 371.

The bill upon which the decree was entered was filed July 1, 1891, as of October 8, 1889, in lieu of the original filed at that date, and lost. The bond provided for the maturity of all that it was intended to secure, at the option of the " obligee, its successor or assigns," if default in any of the payments should " continue for the space of six months." The bill contains no allegation of the exercise of such option, and the plaintiff insists that section 9 of the act of 1879, Homestead Loan Associations, is exclusive, that such option can be only by an " order of the board of directors." The bill does allege that fines had been in-

curred by Mrs. Finn, amounting to $141.85, and "that the whole of the principal, premium and interest on the said bond has become due and payable by reason of the default by the said Catherine Finn in the payment of the installments of principal, premium and interest for more than six months prior to the date of the filing of this bill of complaint."

It is true that the allegations are loose, but in substance the bill does, by necessary implication, make out that she had given occasion for the exercise of the option, and as the exercise of it was a matter of contract between the parties—not needing statutory authority—the general rule obtains, that bringing suit is enough.    Jones on Mortgages, Sec. 1182.

By a clerical error the bill alleged $751.27, with interest from September 10, 1890, to be "now due."    As the original bill was filed October 8, 1889, it is apparent that 1890 is a mistake, and 1888 or 1889 must be the date intended.    The master's report is that July 31, 1889, $736.79 was due.    He then allows a credit of $141.80, leaving a balance of $594.99, which he charges with eight per cent interest.    He also charges $146.28 paid September 10, 1890, by the association for taxes, with interest at the same rate.    As the original loan was $500, the master has allowed eight per cent interest for more than two years and a half, his report being dated February 24, 1892, on $94.99 made up of items not bearing interest.

The plaintiffs in error object to the last item as being paid *pendente lite*, and without a supplemental bill, not allowable.    But the bond and deed of trust required that Mrs. Finn should pay the taxes, and provided that if paid by the association they should be added to the debt.    A bill of foreclosure always involves an account.    Suppose a mortgage in possession, and a bill to foreclose or redeem, the property being of a kind that there were daily receipts and expenditures, would not the account take in everything without additions to the pleadings?    If not, the proceedings would be impracticable.

There is no surprise in this case. The certainty of taxes is foreknown. The bond and deed of trust, being exhibits, amounted to an allegation that if the association should be required, for its own security, to pay, the amount paid would be added to the debt. We think that in principle the Cheltenham case cited justifies this charge.

The plaintiffs in error urge that $88 solicitor's fees, when the bill claimed $75, are wrong; but the deed provided for ten per cent, and the $88 is therefore right on the amount, $880.26, found due by the master; but that amount being wrong because of interest allowed, there must be a correction as to the fees. We make the deductions on those two accounts $21.29, leaving $946.97 as the proper amount.

The decree of the court below is reversed and the cause remanded with directions to enter a new decree for the last named sum with interest from the date of the former decree at five per cent.