## Ricardi Apartment House Co. et al. v. George E. Beaudet.

1. EQUITY PRACTICE—*Finding of Facts.*—A conclusion of fact, not objected to before the master or followed by exceptions, is the end of the controversy upon such facts, and if made upon conflicting testimony, is as conclusive as a verdict, even if objected and excepted to.

2. CONTRACTS—*Inability to Perform.*—The inability of a contractor to perform, is no legal excuse for not performing his contract.

Petition for a Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1896. Reversed and the petition dismissed. Opinion filed May 14, 1896.

JOSIAH BURNHAM and JAMES L. CLARK, attorneys for appellants.

ELA, GROVER & GRAVES, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a petition for a mechanic's lien by a sub-contractor against the owner of the building, if there be one, the original contractor, and three other appellants, on the allegation that these three had or claimed some interest in the premises.

The petition does not show that any building was ever erected, much less that the original contractor ever had anything due to it (a corporation) from the House company.

The master reported that the appellee did some excava-

tion and built some walls, and did no more, and then was
" unable to proceed with his contract;" and the context
shows that such inability resulted from want of means to
pay his workmen. Also that the architect and original con-
tractor "were justified in reletting the contract." The ap-
pellee excepted to this last conclusion of the master, but
not to the first, and the court sustained that exception.
The case stands, then, upon the master's report and the de-
cree, thus: The fact, as the master reports it, is, that the
appellee could not perform his contract, and, as a legal con-
sequence, that the original contractor was justified in relet-
ting the work. The appellee did not object to the master's
conclusion of fact, but to that of law, and the court con-
curred with him.

It is true that the master also concluded that the appel-
lee was " entitled upon an accounting to recover the amount
fairly due for the work done by him in said contract," which
must have been in his mind, not a conclusion of fact, but of
some sort of fireside equity.

Now, a conclusion of fact, not objected to before the
master (Pennell v. Lamar Ins. Co., 73 Ill. 305), followed by
exceptions in the Circuit Court (Owen v. Occidental B. &
L. Ass'n, 55 Ill. App. 347), is the end of controversy on that
fact, and, if made upon conflicting testimony, is as conclu-
sive as a verdict, even if it be objected and excepted to.
Whitcomb v. Duell, 54 Ill. App. 650; Friedman v. Schoen-
gen, 59 Ill. App. 376; Foster v. Swaback, 58 Ill. App. 581.

The decree directs a " sale of the said building and lease-
hold interest."

The petition had not mentioned any building, nor was
there in the petition anything from which an inference or
even a conjecture could be made that there was any lease-
hold interest. The first mention of it is in the master's re-
port, as " a leasehold interest   *   *   *   for a term of
years." The decree directs that if there should be a defi-
ciency of proceeds, the appellee shall have an execution for
it against all the appellants, three of whom had no con-
cern with the business, being made parties only on the alle-
gation that they had or claimed some interest.

It is quite safe to say that this decree never underwent the scrutiny of the chancellor himself, having been entered, as the record shows, with this suffix: " O. K. as to form. ———— Sol'r for def'ts."

This O. K. does not waive substantial rights. It doubtless was intended as an acknowledgment that if the appellee was entitled to the relief that the decree gave, then the form was not objectionable.

Now with the fact, as shown by this record, that the appellee had, according to his own account, done less than a twelfth part of his contract, and in materials and pay to his workmen, had been compensated for nearly two-thirds of that, and then with the master's finding standing as a fact that the appellee " was unable to proceed with his contract," how is he entitled to anything?

His inability is no legal excuse for not performing his contract. Leopold v. Salkey, 89 Ill. 412.

The language of the decree, that all exceptions inconsistent with the findings of the decree are overruled, has no application to a finding of fact by the master which was not excepted to, whether such finding was consistent with the decree or not. On this record the petition should have been dismissed.

The decree is reversed and the petition dismissed at appellee's cost, without prejudice to any remedy the appellee may have at law.