## Frank M. Palmer and Sarah A. Palmer v. The DeWitt County Building Association.

1. BUILDING AND LOAN ASSOCIATIONS — *Mortgage Foreclosure for Non-payment of Interest, Fines, etc.* — When a building association forecloses a mortgage, for the non-payment for the space of six months

of installments of interest and fines, by borrowing stockholders, the proceedings must be authorized by the board of directors.

**Foreclosure.**—Appeal from the Circuit Court of DeWitt County; the Hon. W. G. COCHRAN, Judge, presiding.   Heard in this court at the May term, 1898.   Reversed and remanded.   Opinion filed December 2, 1898.

TIPTON & TIPTON and CHAS. R. ADAIR, attorneys for appellant.

GEORGE K. INGHAM, attorney for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was a chancery proceeding in which the appellee obtained, in the Circuit Court of DeWitt County, a decree foreclosing a mortgage, given by Frank M. Palmer to the appellee upon the premises described in the decree, securing his note, which is as follows, to wit:

" $2,000.                    CLINTON, ILLINOIS, June 27, 1893.
For value received, on or before the fifth day of July, 1898, I promise to pay to the order of the DeWitt County Building and Loan Association of Clinton, Illinois, two thousand dollars, at its general office, with interest at the rate of seven and one-half of one per cent per month, payable monthly; also, all monthly dues and fines on twenty shares of capital stock of said association.   And at the stated meeting of the board of directors of said association held  *  *  *  1893, having bid eight per cent premium for the preference of priority of loan on two thousand dollars, the amount of the principal herein, and the said premium not having been deducted in advance, I promise to pay the said association the sum of two dollars and sixty-seven cents premium per month, payable monthly, until the maturity of this note, and all the fines thereon in addition to the interest above mentioned.

F. M. PALMER."

The mortgage, among other provisions, contains the following, to wit:

" Now, if said note and interest and said premium, dues and fines are paid when due, according to the tenor and effect thereof, this mortgage shall be null and void, otherwise to be and remain in full force; provided, that the

neglect or refusal to pay any of the monthly installments of interest, or monthly installments of premiums, dues or fines on the same, agreeable to the charter and by-laws of said association, for more than six months after either becomes due or payable, according to the tenor and effect of said note * * * does, it is hereby agreed, with all overdue installments of interest, and all of said premiums, dues and fines on the same, at once become due and payable at the option of said association, and this mortgage may be foreclosed for said principal, interest, premium, dues and fines."

On August 11, 1897 (the appellant, Frank M. Palmer, being then ten months in arrears on the payment of the interest, premium installments and dues, as provided in said note), the appellee filed its bill to foreclose the mortgage making the appellants, Frank M. Palmer and Sarah A. Palmer, his wife, defendants, and after making the usual allegations therein about the execution of the mortgage and note, averred that the appellants were in arrears more than six months in the payment of the interest, premium installments and dues; and then alleged the following, to wit:

"Your orator further avers that it has decided and hereby does exercise its option to declare the full amount due on said mortgage, including principal, interest, dues, fines and penalties, costs and attorney's fees, payable at once, and authorizes this proceeding to be instituted and prosecuted."

The appellants answered the bill and in their answer admit that Frank M. Palmer became indebted to the appellee in the sum of $2,000 on June 27, 1893, and gave the note and mortgage set out in the bill, but deny that they were liable for any of the dues and penalties as alleged in the bill, or that there is any part of the indebtedness secured by the note and mortgage now due, or that there has been nothing paid as principal, premium. dues or fines for more than six months last past, and avers that the same were fully paid before this suit was instituted. Deny that the appellee has decided and does exercise its option to declare the full amount due on said mortgage, including principal, interest, dues, fines, and penalties at once, and deny that the appellee authorized the institution of this suit and the prosecution of the same.

The evidence preserved in the record shows that the charter of the appellee contains the following, to wit, article 8, section 1:

"At the regular monthly meeting of the directors, the money in the treasury, if $100 or more, shall be offered for loan in open meeting, and the stockholder who shall bid the highest premium for the preference or priority of loan shall be entitled to a loan of $100 for each share of stock held by such stockholder. The premium bid for the preference or priority of loan shall be paid in equal monthly installments, * * * and the amount or proportion of said premium, each month, shall be determined by dividing the premium by the number of months yet to expire from the date of loan, until the expiration of the time for which articles of incorporation have been originally granted this association." * * *

That the by-laws of the appellee contains the following, to wit, article 4, section 4:

"A majority of the board of directors shall constitute a quorum for the transaction of all business; *Provided*, that the funds of the association may be offered for sale by a smaller number, but no action relating to the final disposition of such funds, or other matter under consideration, shall be valid except by the affirmative vote of a majority of the whole board."

Art. 7, Sec. 2: "All loans or advances shall be secured by mortgage deed on real estate in DeWitt county, Illinois, agreeable to Sec. 8 of the act under which this association is organized, or by capital stock of the association." * *

Art. 7, Sec. 4: "Mortgages shall secure the monthly payment of installments on the shares of stock on which advances are made, the interest on such advances, the payment of all fines assessed according to the by-laws of the association, monthly installments of premium, and all taxes, assessments and fire insurance on the property mortgaged."

Sec. 5: "In case of non-payment of one of the items enumerated in the foregoing section, for the space of six months after the same shall become due, payment thereof may be enforced, according to Sec. 9 of the act under which this association is organized."

Art. 9, Sec. 4: "If any stockholder or trustee shall neglect or refuse to pay his or her monthly installments of dues, installment of premium, interest or fines for the period

of six months, his or her shares of stock may be declared forfeited by the board of directors, when the same shall revert to the association, and such member shall thereupon be entitled to recover out of the unappropriated money in the treasury the amount of dues paid into the association, after deducting all fines and charges, and a proportion of all incidental expenses and losses, and shall thereupon cease to be a member of the association."

The evidence in the record further shows that Edward J. Sweeney, the secretary of the appellee, testified that the note and mortgage in question was given by the appellant, Frank M. Palmer, to secure $2,000 borrowed from the appellee, at which time said Palmer owned twenty shares of the capital stock of the appellee, and the certificates of said shares were turned over to the appellee to further secure the loan; that on August 11, 1897, when this proceeding was commenced, Mr. Palmer was in arrears in the payment of his premium, interest and dues on the loan and stock in question, for over ten months, and his indebtedness now (January 4, 1898) to the appellee on account thereof is as follows: $2,000 principal, eighteen months' interest thereon at $11.60 per month, eighteen months' premium at $2.67 per month, making his total gross indebtedness $2,258.12, and that he is entitled to credit for dues paid on twenty shares, at the rate of $10 per month, for seventy-two months, making $720 for dues; and also, in addition thereto, five per cent interest per annum for seven years and six months upon $720, making his total credits now $990; leaving a balance due the appellee $1,268.12. The decree entered by the Circuit Court finds that there was due the appellee from said Frank M. Palmer, December 31, 1897, on the said note and mortgage, the sum of $1,268.12, after deducting the withdrawal value of the shares of capital stock assigned to the appellee from the aggregate amount of the loan, interest, premium, dues and penalties accrued, as provided by the charter and by-laws of the appellee; and that there is due to the appellee for its solicitor's fee in this cause, as provided for in the said mortgage, the sum of $60, making the aggregate amount due the appellee from said Frank M.

Palmer the sum of $1,328.12; and further finds that under the terms of said mortgage the shares of capital stock upon which said loan was made, and which have been by said Frank M. Palmer assigned to the appellee, should be by the appellee canceled; then decrees that Frank M. Palmer, one of the appellees, pay to the appellee the said sum of $1,328.12 in twenty days, and in default thereof that the premises described in the mortgage be sold, etc., to pay the same; and that the appellee cancel said stock. The appellants prosecute this appeal and urge us to reverse that decree on the single ground that, under those averments of appellee's bill of complaint, which were denied by the answer, and by virtue of the provisions of the said mortgage and note, and said sections of the charter and by-laws of the appellee, and also the latter clause of Sec. 9, Chap. 32, sub-title, Homestead Loan Associations, Hurd's Illinois Statutes of 1898, p. 441, which is as follows: " In case of non-payment of installments of interest and fines by borrowing stockholders for the space of six months, payment of principal and interest and fines, without deducting the premium paid or the interest thereon, may be enforced by proceedings against their securities according to law, upon the order of the board of directors; " and in the absence of any proof whatever that the board of directors of the appellee had, before this proceeding was commenced, authorized it to be instituted and prosecuted to enforce the payment of the principal, interest and fines, without deducting the premium paid or the interest thereon, as the appellant, F. M. Palmer, had then failed to pay the installments of interest and fines for the space of six months. The record shows that no such proof was made at the hearing, and we are of the opinion that in the absence of such proof the Circuit Court ought not to have decreed a cancellation of the stock and the payment of the amount it did, for the reason that the mortgage only authorized such a decree upon the default in the payment of the monthly installments of interest, or monthly installments of premiums, dues or fines on same, agreeable to the charter and by-laws of said association, for more than six months. Hence we must look to the charter and by-

laws of the association to ascertain what that part of the mortgage means, and we must also read into the note and mortgage the said provision of our statute, in force when the note and mortgage were made, and which was enacted to govern such transactions, as a part of the contract, in order to give it a proper construction, and when we do so, we find that to authorize the appellee to take advantage of the said six months' default by instituting proceedings against the securities of a borrowing stockholder to enforce the payment of the principal and interest of a loan, without deducting the premium paid or the interest thereon, it is necessary that the board of directors of the appellee should order that such a proceeding be instituted and prosecuted.

The averment in the bill to the effect that the appellee "authorizes this proceeding to be instituted and prosecuted" was doubtless put in the bill because counsel for the appellee then considered it material, and it was likewise considered material by the counsel for the appellants, because they saw fit in framing the answer of the appellants to expressly deny that this proceeding was authorized as alleged. So it became necessary that this material averment in the bill should have been sustained by proof to warrant the decree prayed for; and inasmuch as the Circuit Court did enter such a decree without this proof, it committed a prejudical error against the appellants which compels us to reverse its decree and remand the cause to that court for such further proceedings therein as to equity and justice shall appertain, and will not be inconsistent with the views of this court as expressed in this opinion.

Decree reversed and cause remanded.