## Theodore Juergens v. Ira M. Cobe.

1. BUILDING AND LOAN ASSOCIATIONS—*Security Taken by, on Incumbered Real Estate, Not Void for That Reason.*—A trust deed given by a borrowing member of a building and loan association upon real estate, falsely represented by him to be unincumbered, is not necessarily void for the reason that under the statute the association had no authority to loan its money upon incumbered real estate.

2. SAME—*Construction of the Statute Relating to Loans.*—Under the statute (R. S. Chap. 32, Sec. 85,) providing that good and ample real estate security, unincumbered except by prior liens of the association, shall be given by borrowers to secure the payment of their loans, is not a positive prohibition to the association, but is mandatory upon the borrowing members requiring them to give such unincumbered security.

3. SAME—*Taking Security for Loans upon Incumbered Real Estate Not Ultra Vires.*—The taking of a trust deed by a building and loan association from a borrowing member on incumbered real estate to secure a loan, is not, properly speaking, an act *ultra vires* on the part of the association.

4. *Effect of a Dissolution upon Borrowing Members.*—The effect of a resolution by the directors of a building and loan association declaring the notes of a borrowing member due and payable, and directing a foreclosure, is to forfeit the stock, mature the debt and sever the relation of the borrower as a member of the association.

5. Same—*A Party Ceasing to be a Member of a Building and Loan Association is Not Entitled to Earnings Nor Liable for its Debts.*—A party ceasing to be a member of a building and loan association is not entitled to share in its subsequent earnings, nor is he liable for its debts thereafter contracted.

**Appeal** from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1900.   Reversed and remanded.   Opinion filed December 24, 1901.

**Statement.**—Appellee is purchaser of the assets of the International Building, Loan and Investment Union, which was incorporated under the building and loan association act of 1879, and was dissolved in the spring of 1898 by decree of court in a proceeding instituted by the state auditor.   Among the assets acquired by appellee at the receiver's sale were two trust deeds and the notes thereby secured, made by one Frederick Beitz.   The first of said notes is for $1,500, and is dated April 1, 1890.   The second is for $1,500, and is dated June 2, 1890.   Both are by their terms payable six years from their respective dates.   These loans were made subject to the by-laws of the association, and to be paid in monthly installments.   In case of non-payment of such installments for three months, the association might declare the debts due and payable, and treat the shares of stock held by the borrowing member as forfeited.   It appears that Beitz paid his installments regularly for the six years, which expired in the spring of 1896, and then refused to continue, claiming that his debt was paid, and he was entitled to have the said trust deeds released. About eighteen months thereafter—September 27, 1897—the directors of the association by resolution declared the whole amount of said notes to be due and payable, and directed that the trust deeds be foreclosed.   Thereupon a bill to foreclose was filed by the association October 11, 1897, pending which proceedings were begun, finally result-

ing in April, 1898, in a decree dissolving the association, and the sale of the assets to appellee. The latter filed his supplemental bill and obtained the decree from which this appeal is taken.

Appellant Juergens had loaned said Frederick Beitz, December 17, 1894, the sum of $1,930, which was secured by trust deed upon the same premises. Juergens was made a party to the foreclosure proceedings by the association and filed a cross-bill seeking to foreclose under his own mortgage, to which cross-bill a demurrer was sustained.

The Superior Court held appellant's lien to be fourth and last, subsidiary to a first lien for taxes, a second lien to one John Plumer, as holder of a first incumbrance, and third, to the lien of the two trust deeds purchased by appellee from the defunct association.

PADEN & GRIDLEY, attorneys for appellant.

S. W. SWABEY, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is contended on behalf of appellant that the two trust deeds given by Frederick Beitz to the International Building, Loan & Investment Union were absolutely void. The ground of this contention is that the property upon which they were given was at the time incumbered with a prior mortgage to one John Plumer, made to secure a note of said Frederick Beitz for $600, and interest, dated November 1, 1889, and payable five years after said date, which has never been satisfied or released. It is claimed that the Building and Loan Association had no authority to loan money upon incumbered real estate, and hence the taking by the union of trust deeds upon property already incumbered was *ultra vires*. The act under which said association or "union" was organized provides (R. S. Chap. 32, Sec. 85) that "Good and ample real estate security unincumbered except by prior liens of such association shall be given by the borrowers to secure the repayment of the loan."

It appears that in his application to the association for the loans in question, Beitz, the applicant, stated under oath that no incumbrances existed on said property except one which apparently was taken up by the association with the money borrowed. No mention was made in said application of the Plumer incumbrance, and it does not appear that the officers of the association were advised of its existence at that time, although the abstract of title should have disclosed it. An elaborate argument is made by appellant's counsel in support of the claim that it was beyond the power of the "union" to make these loans subject to the Plumer incumbrance. We do not, however, regard them as beyond the association's powers. If the statute be read strictly it is not a positive prohibition to the association, but is mandatory upon the borrowing member requiring him to give such unincumbered security. It would hardly be urged in a case where unincumbered security was given, and as additional security a mortgage was also given to cover property which was incumbered, that the statute was not complied with and that such second mortgage was null and void. Yet if the association has no power under any circumstances to take incumbered security, such would be the logical result of appellant's argument. In the present case, the applicant made a misstatement as to the facts, by which for aught that appears the association may have been misled. It would scarcely be in accordance with equity to relieve Beitz's property of an incumbrance of which he has had the benefit, and from a loan which was procured by his own wrong. It appears, moreover, that the property in question was in fact regarded and apparently is still, as constituting "good and ample real estate security" for the amount of the loans in question, else appellant, it may be presumed, would not have ventured to make a fourth loan subject to the three prior incumbrances. These trust deeds are not, properly speaking, *ultra vires.* They were within the scope of the association's charter powers, and any fraud or mistake by which they were made subject to a prior incumbrance on the property, did not and could not invali-

date them, taken, as they appear to have been, in good faith.
The contracts were recognized for six years as valid by the
mortgagor and by the association. They were performed
by the latter not only, but complied with by the borrower
during that time. It may be conceded the security was
not given in the manner prescribed by statute. But this
was immaterial under the circumstances of the case. We
regard the trust deeds as valid and binding. The views
we have stated are sustained by principle and authorities,
among which it is sufficient to cite Eckman v. C., B. & Q.
Ry. Co., 169 Ill. 312; Lurton v. Jacksonville L. & B. Asso-
ciation, 187 Ill. 141.

We are obliged to concur, however, in appellant's con-
tention that there is error in the statement of the account.
It seems to be conceded that the stock held by Beitz was
forfeited by the resolution of the directors of the "union"
adopted September 22, 1897. The "union" filed its bill to
foreclose these trust deeds October 11, 1897, some time prior
to the proceedings which resulted in its dissolution. The
effect of what was done was to forfeit the stock and mature
the debt, and to sever the relation of the borrower as a
member of the association. Armstrong v. Building Asso-
ciation, 176 Ill. 298, 301. Having ceased to be a member
he was not entitled thereafter to share in the earnings.
Vierling v. Mechanics' Saving Association, 179 Ill. 524–532.
It is claimed by appellant's counsel that it must follow
Beitz was not thereafter liable for the association's losses.
However this may be, it is, we think, clear that when his
stock was forfeited September 22, 1897, he thereafter ceased
to be a member of the association. When subsequently
the suit against the union was prosecuted by the state
auditor, Beitz, not being a member of the association, and
not having been brought in by summons or otherwise, was
not a party to that proceeding and not bound by orders
therein entered. By the decree in that cause it was ordered
that each borrowing stockholder should be credited with an
amount equivalent to twenty-five per cent of the payments
he had made of installments upon his stock, in full settle-

ment of his claims against the insolvent association. This decree did not apply to Beitz. His membership had ceased long before his debt had been declared matured and foreclosure proceedings begun. His relation to the association was that of a debtor, not of a stockholder. The account between himself and the association must be determined in accordance with the rules governing such foreclosures. These are stated, in part at least, in the case of Vierling v. Mechanics' Saving Association, 179 Ill. 524–531. It is there held that the borrower is entitled to be credited with the actual payments made by him on account of his stock and by way of interest on the loans. In the present case the decree has allowed a credit of only twenty-five per cent of the dues paid in; the property is charged with interest and premium to the time of the dissolution of the association, and fines for the same period. Upon no theory that we are aware of can fines be charged after the determination of the stockholder's membership. Armstrong v. Building Association, *supra*.

For the errors indicated the decree of the Superior Court is reversed and the cause remanded. Reversed and remanded.