Citizens Building & Loan Association, Defendant in Error, v. H. E. Haithcoat et al., Plaintiffs in Error.

October term, 1928. Heard in this court at the Opinion filed February 1, 1929.

D. F. Moore, for plaintiffs in error.

Walter W. Williams and Thurlow G. Lewis, for defendant in error.

Mr. Justice Wolfe delivered the opinion of the court.

The defendant in error is a duly organized building and loan association under the laws of the State of Illinois, and as such filed its bill of complaint against the defendants, H. E. Haithcoat, Margaret Haithcoat and the Mercantile Bank & Trust Company to foreclose two mortgages that had been given by the Haithcoats to said building and loan association. The bill is in the usual form, setting up the execution of the notes and mortgages and obligation to pay, according to the tenor and effect of the same in monthly payments, dues, premiums, and interest, and alleges that the defendants failed to pay the same and were in arrears and indebted to the complainant association.

After alleging that the defendants Haithcoat were in default, the bill alleges "That because of the failure and defaults by the said H. E. Haithcoat to perform and keep the conditions of said writings obligatory and mortgage deeds your orator, by resolution of its board of directors duly adopted, has elected under the terms and provisions . . . of said charter and by-laws to declare said obligation to be due and payable and to declare the stock so held by orator as security forfeited and to bring this suit to foreclose said mortgages."

The defendants filed an answer to the bill denying practically every allegation that was in the bill. A hearing was had upon the bill and answer, and the court found the Haithcoats in default, ordered an accounting and found the amount due from the defendants to the complainant, and decreed foreclosure. The defendants, H. E. Haithcoat and Margaret Haithcoat,

have brought the case to this court upon a writ of error, and on motion of the said Haithcoats, an order of severance was entered against the Mercantile Bank & Trust Company, as provided under rule 9 of this court.

The plaintiff's assignments of error are numerous, but this court will only discuss one of them, as we are of the opinion that this one is decisive in this case, to wit: Was it necessary for the defendant in error to make proof of the fact that the building and loan association had, by resolution of its board of directors, duly adopted, declared the obligation to be due and payable and to have declared the stock so held by it as security, forfeited and to bring suit to foreclose the mortgages?

The contention of the defendant in error is that it was not necessary that any proof should be offered to sustain this allegation, but that the filing of the bill itself is enough to show that such a resolution had been passed; also contends that there is no particular form of allegation, or notice, required to declare such a forfeiture or default. They then cite the case of *Owen v. Occidental Building & Loan Ass'n*, 55 Ill. App. 347, as sustaining their contention. We do not think that this case supports the claim of the defendant in error.

In the case of *Palmer v. DeWitt County Building Ass'n*, 79 Ill. App. 362, at page 367, the only question involved was the same that is raised in this case. The court in passing upon the case used this language: "The appellants prosecute this appeal and urge us to reverse that decree on the single ground that, under those averments of appellee's bill of complaint, which were denied by the answer, and by virtue of the provisions of the said mortgage and note, and said sections of the charter and by-laws of the appellee, and also the latter clause of Sec. 9, Chap. 32, sub-title Homestead Loan Associations, Hurd's Illinois Statutes of 1898, p. 441, which is as follows: 'In case of non-payment

of installments of interest and fines by borrowing stockholders for the space of six months, payment of principal and interest and fines, without deducting the premium paid or the interest thereon, may be enforced by proceedings against their securities according to law, upon the order of the board of directors; ' and in the absence of any proof whatever that the board of directors of the appellee had, before this proceeding was commenced, authorized it to be instituted and prosecuted to enforce the payment of the principal, interest and fines, without deducting the premium paid or the interest thereon, as the appellant, F. M. Palmer, had then failed to pay the installments of interest and fines for the space of six months. The record shows that no such proof was made at the hearing, and we are of the opinion that in the absence of such proof the Circuit Court ought not to have decreed a cancellation of the stock and the payment of the amount it did, for the reason that the mortgage only authorized such a decree upon the default in the payment of the monthly installments of . . . premiums, dues or fines on same, agreeable to the charter and by-laws of said association, for more than six months. . . .

"The averment in the bill to the effect that the appellee 'authorizes this proceeding to be instituted and prosecuted' was doubtless put in the bill because counsel for the appellee then considered it material, and it was likewise considered material by the counsel for the appellants, because they saw fit in framing the answer of the appellants to expressly deny that this proceeding was authorized as alleged. So it became necessary that this material averment in the bill should have been sustained by proof to warrant the decree prayed for." (*Vierling v. Mechanics' & Traders' Savings, Loan & Building Ass'n,* 179 Ill. 524.)

The same rule is recognized in *Armstrong v. Douglas Park Bldg. Ass'n,* 176 Ill. 298, 301, which is as follows: "As stated heretofore, the contract in the mort-

gage was, that for six months' default the association could forfeit the stock and mature the debt, and then foreclose. The right to foreclose was dependent on the forfeiture and maturity of the debt. That was the agreement, and that was the effect of the action of the board of directors as the matter was treated in the arguments. If it did not have that effect to forfeit the stock and mature the debt then there was no right to foreclose. The effect, therefore, of such action was to sever the relation of the appellant with the association as a member, and necessarily released her from the obligation to pay any fines thereafter." Endlich on Building Associations, § 102; *Juergens v. Cobe,* 99 Ill. App. 156; *Gillespie v. Greene County Savings & Loan Ass'n,* 95 Ill. App. 543, 548.

In *Cantwell v. Stockmen's Building Loan & Savings Union,* 88 Ill. App. 247, at page 248 the same question was in issue and the court says: "Upon the issue thus presented by the bill and the answer, appellee offered in evidence a copy of the record of the proceedings of said board, directing attorneys to institute this proceeding to foreclose said mortgage. We are of opinion that the pleadings are sufficient to authorize the admission of testimony showing the action of the board of directors. (*Owen v. Occidental B. & L. Ass'n,* 55 Ill. App. 348.) The case of *Palmer v. DeWitt Co. Bldg. Ass'n,* 79 Ill. App. 362, is to the same effect. That case was reversed because there was no proof of the necessary averment, not because the averment was not sufficient.

"The case of *Wheeler v. Foster,* 82 Ill. App. 153, cited by appellants, does not deal with the question of whether the allegation in the bill of complaint was sufficient. In that case the bill contained no allegation whatever of the exercise of the option conferred by the trust deed to declare the amount due."

By the pleadings in this case the question whether the mortgage foreclosure and the forfeiting of the de-

fendants' stock was ever authorized by the board of directors of the building and loan association was put in issue. There was no proof whatsoever that the board of directors, by a resolution, had ever ordered such foreclosure and forfeiture. We are of the opinion that this was a material allegation and should have been proven.

It does not appear that there is anything unusual in this case in the taking and paying for stock in a building and loan association and the borrowing of money therefrom if given on notes and mortgages by defendants. The papers seem to be in the form usually adopted by such associations, but there should have been proof of the allegation of the forfeiture of the stock and declaring the defendants in default before the court would be authorized in declaring the defendants in default and their stock in the association forfeited.

The judgment of the circuit court of Franklin county is hereby reversed and the cause remanded.

*Reversed and cause remanded.*